UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

PETER S. KIEMELE,

                    Plaintiff,

        v.

WALMART INC.,

                    Defendant.

CASE NO. 3:20-cv-05046-JRC

ORDER ON DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT

        This matter is before the Court on the parties' consent to proceed before a U.S.

Magistrate Judge (Dkt. 7) and on defendant's motion for summary judgment.  *See* Dkt. 19.

        Plaintiff Peter S. Kiemele brings suit against defendant Walmart Inc. alleging that

defendant failed to protect plaintiff from an unreasonably dangerous condition in defendant's

parking lot, which resulted in plaintiff's injury after falling.  *See* Dkt. 1-1.  Plaintiff claims that

defendant was negligent in failing to warn plaintiff or remedy the dangerous condition prior to

his injury.  *See id.*

1    Defendant now moves for summary judgment pursuant to Fed. R. Civ. P. 56, arguing that

2    plaintiff has failed to come forward with any evidence that the condition in the parking lot posed

3    an unreasonable risk of harm to plaintiff or that defendant had actual or constructive notice of the

4    allegedly dangerous condition.  *See* Dkt. 19.  Plaintiff opposes the motion.  *See* Dkt. 21.

5    Having reviewed the parties' submissions related to defendant's motion for summary

6    judgment (Dkts. 19, 20, 21, 25, 27, 29), the Court finds that plaintiff has come forward with

7    evidence, when viewed in the light most favorable to him, creates a genuine issue of material fact

8    as to whether the conditions in the parking lot posed an unreasonable danger to plaintiff.  The

9    Court further finds that plaintiff has come forward with sufficient evidence that creates a genuine

10   issue of material fact as to whether defendant caused the allegedly unsafe condition at the time of

11   plaintiff's injury, and thus, plaintiff need not establish defendant's actual or constructive notice

12   of the allegedly dangerous condition.  Therefore, the Court denies defendant's motion for

13   summary judgment.

## BACKGROUND and PROCEDURAL HISTORY

14

15   Plaintiff, who is proceeding *pro se*, commenced this action against defendant in

16   December 2019 in the Superior Court of the State of Washington for the County of Clark.  *See*

17   Dkts. 1-1.  On January 17, 2020, defendant removed the action to this Court on the basis of

18   diversity of citizenship pursuant to 28 U.S.C. §§ 1332, 1441, 1446.  *See* Dkt. 1.

19   In his complaint, plaintiff alleges that on January 14, 2017, he walked to defendant's

20   store located in Vancouver, Washington (the "Premises") to shop.  Dkt. 1-1, at 2.  Plaintiff

21   alleges that there had been a snowstorm and that "a grader had cleared snow" from the Premises

22   parking lot.  *Id.*  However, plaintiff alleges that an "icy surface was created and remained from

23   the grading" and that "[n]o sand or salt was on the ice, and no warning cones or signs had been

24

1    placed." *Id.*  Plaintiff alleges that he "slipped in the parking lot and fell." *Id.*  Plaintiff alleges

2    that as a result of his fall that he suffered personal injuries.  *Id.*

3           Plaintiff alleges that the "untreated ice that remained in the parking lot after the snow had

4    been cleared," and where plaintiff fell, constituted "an unreasonably dangerous condition upon

5    the Premises."  Dkt. 1-1, at 2.  Plaintiff alleges that defendant created the unreasonably

6    dangerous condition or "knew or should have known" of the alleged condition prior to plaintiff's

7    fall.  *Id.*  Plaintiff claims that defendant failed to "remediate the unreasonably dangerous

8    condition upon the Premises or warn [p]laintiff of its existence" prior to plaintiff's alleged fall.

9    *Id.*  Based on these factual allegations, plaintiff claims that defendant was negligent and breached

10   the duty of care owed to plaintiff by allegedly failing to ensure the Premises were reasonably

11   safe despite allegedly knowing of the unreasonably dangerous condition.  *See id.* at 3.

12          Following a period of discovery, defendant moved for summary dismissal of plaintiff's

13   claim.  *See* Dkt. 19.  In support of its motion, defendant filed an excerpt of plaintiff's deposition,

14   taken September 30, 2020.  *See* Dkt. 20-1.  Plaintiff has filed a response (Dkt. 21) and additional

15   evidence (Dkt. 21-1), and defendant has filed a reply in support of its motion for summary

16   judgment.  Dkt. 25.  Plaintiff has also filed a surreply (Dkt. 27) and additional evidence (Dkts.

17   27-1, 29-1) in support of his response.

18                              **SUMMARY JUDGMENT STANDARD**

19          Summary judgment is appropriate if a moving party shows that "there is no genuine

20   dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed.

21   R. Civ. P. 56(a).  The materiality of a given fact is determined by the required elements of the

22   substantive law under which the claims are brought.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S.

23

24

1   242, 248 (1986).  Factual disputes that do not affect the outcome of the suit under the governing

2   law will not be considered.  *Id.*

3          Where there is a complete failure of proof concerning an essential element of the non-

4   moving party's case on which the nonmoving party has the burden of proof, all other facts are

5   rendered immaterial, and the moving party is entitled to judgment as a matter of law.  *Celotex*

6   *Corp. v. Catrett*, 477 U.S. 317, 323 (1986); *Anderson*, 477 U.S. at 254 ("the judge must view the

7   evidence presented through the prism of the substantive evidentiary burden").  However, when

8   presented with a motion for summary judgment, the court shall review the pleadings and

9   evidence in the light most favorable to the nonmoving party, *Anderson*, 477 U.S. at 255 (citation

10  omitted), and "a *pro se* complaint will be liberally construed.  . . ."  *Pena v. Gardner,* 976 F.2d

11  469, 471 (9th Cir. 1992) (*citing Estelle v. Gamble*, 429 U.S. 97, 106 (1976)) (other citation

12  omitted).

13         Once the moving party has carried its burden under Fed. R. Civ. P. 56, the party opposing

14  the motion must do more than simply show that there is some metaphysical doubt as to the

15  material facts.  *Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 574, 586 (1986).  The

16  opposing party cannot rest solely on his pleadings but must produce significant, probative

17  evidence in the form of affidavits, and/or admissible discovery material that would allow a

18  reasonable jury to find in his favor.  *Id.* at n. 11; *Anderson*, 477 U.S. at 249–50.  However,

19  weighing of evidence and drawing legitimate inferences from facts are jury functions, and not

20  the function of the court.  *See United Steel Workers of Am. v. Phelps Dodge Corps.*, 865 F.2d

21  1539, 1542 (9th Cir. 1989).  And if the moving party has not met its burden on summary

22  judgment, the Court will not grant the motion—even if there is no opposition to the motion.  *See*

23  *Henry v. Gill Inds.*, 983 F.2d 943, 950 (9th Cir. 1993) ("Summary judgment may be resisted and

24

1    must be denied on no other grounds than that the movant has failed to meet its burden of

2    demonstrating the absence of triable issues.").

3        Because plaintiff is *pro se*, in ruling on defendant's motion for summary judgment, the

4    Court will consider all of plaintiff's contentions offered in verified pleadings, where such

5    contentions are based on personal knowledge and set forth facts that would be admissible in

6    evidence, and where plaintiff attested under penalty of perjury that the contents of the verified

7    pleadings are true and correct.  *See Jones v. Blanas*, 393 F.3d 918, 923 (9th Cir. 2004).

8                    **SURREPLY TO SUMMARY JUDGMENT MOTION**

9        The Court's local rules do not provide for a surreply to a summary judgment motion as a

10   matter of course.  *See* Local Civil Rule ("LCR") 7(b).  A surreply requesting to strike matters

11   from a reply is the sole exception—but the surreply must not exceed three pages and "shall be

12   strictly limited to addressing the request to strike."  LCR 7(g).  "Extraneous argument or a

13   surreply filed for any other reason will not be considered."  LCR 7(g)(2).

14       "[D]istrict courts have the discretion to either permit or preclude a surreply."  *Garcia v.*

15   *Biter*, 195 F. Supp. 3d 1131, 1134 (E.D. Cal. 2016).  Although courts in the Ninth Circuit are

16   required to afford *pro se* litigants additional leniency, this leniency "does *not* extend to

17   permitting surreplies as a matter of course and the Court is not generally inclined to permit

18   surreplies absent an articulation of good cause why such leave should be granted."  *Id.* (emphasis

19   in original).

20       Here, plaintiff did not request leave to file his surreply or additional evidence.  However,

21   the surreply is within the page limits set forth in LCR 7(g).  Additionally, plaintiff offers new

22   evidence that was produced to plaintiff by defendants after the motion for summary judgment

23

24

ORDER ON DEFENDANT'S MOTION FOR
SUMMARY JUDGMENT - 5

became ripe for review.  *See* Dkts. 27, at 1, 3; 29.  Therefore, the Court will exercise its

discretion and consider the surreply and additional evidence in the discussion below.

## DISCUSSION

Plaintiff alleges that defendant was negligent because defendant breached its duty of care

owed to plaintiff by failing to ensure the Premises were reasonably safe from an unreasonably

dangerous condition, which resulted in plaintiff's fall and injury.  *See* Dkt. 1-1, at 3.  In its

motion for summary judgment, defendant argues that plaintiff has failed to establish defendant's

alleged negligence for three reasons:  (1) plaintiff offers no evidence that the Premises parking

lot posed an unreasonable risk to plaintiff; (2) the dangers posed by the snow and ice on the

Premises parking lot were known and obvious to plaintiff; and (3) defendant did not have actual

or constructive notice of the alleged condition of the Premises parking lot.  *See* Dkt. 19.

As discussed below, viewing the pleadings and evidence in the light most favorable to

plaintiff, the Court finds that plaintiff has shown genuine issues of material fact regarding

whether the conditions of the Premises parking lot posed an unreasonably dangerous condition

and whether defendant caused the unsafe condition of the Premises at the time of plaintiff's

injury.

### I.      Negligence – Premises Liability

Plaintiff claims that defendant was negligent under a theory of premises liability.  *See*

Dkt. 1-1.  In diversity actions, federal courts apply state substantive law.  *See Snead v. Metro.

Prop. & Cas. Ins. Co.*, 237 F.3d 1080, 1090 (9th Cir. 2001).  In Washington, "[t]o establish the

elements of an action for negligence, the plaintiff must show (1) the existence of a duty owed,

(2) breach of that duty, (3) a resulting injury, and (4) a proximate cause between the breach and

the injury." *Iwai v. State, Employment Sec. Dep't*, 915 P.2d 1089, 1094 (Wash. 1996) (internal quotation omitted).

Under a theory of premises liability, a landowner "owes a duty of reasonable care to invitees with respect to dangerous conditions on the land." *Ford v. Red Lion Inns*, 840 P.2d 198, 200 (Wash. Ct. App. 1992). However, a landowner "is not liable to [its] invitees for physical harm caused to them by any activity or condition on the land whose danger is known or obvious to them, unless the [landowner] should anticipate the harm despite such knowledge or obviousness." *Iwai*, 915 P.2d at 1093 (quoting Restatement (Second) of Torts § 343A (Am. Law Inst. 1965)). Additionally, a plaintiff must generally show that the defendant had actual or constructive notice of the specific unsafe condition. *See id.* at 1094; *see also Charlton v. Toys R Us—Delaware, Inc.*, 246 P.3d 199, 203 (Wash. Ct. App. 2010) ("A plaintiff must establish that the defendant had, or should have had, knowledge of the dangerous condition in time to warn the plaintiff of the danger.").

In this case, the parties do not dispute that plaintiff was an "invitee" on the Premises on January 14, 2017, the date of plaintiff's alleged injury. *See* Dkt. 1-1, at 2–3. Therefore, defendant owed a duty of reasonable care to plaintiff with respect to the allegedly dangerous conditions on the Premises. *See Ford,* 840 P.2d at 200. Additionally, although defendant argues that there is no evidence of an unreasonably dangerous condition, plaintiff has come forward with evidence supporting his allegations that snow and ice had accumulated on the Premises parking lot on the morning of January 14, 2017. *See* Dkts. 1-1, at 2–3; 29, Ex. D (video showing snow and ice on the Premises); 29-1 (photographs showing snow and ice on the Premises). Thus, viewing the facts and evidence in the light most favorable to him, plaintiff has shown that

ORDER ON DEFENDANT'S MOTION FOR
SUMMARY JUDGMENT - 7

1   there is a genuine issue of material fact regarding whether the conditions of the Premises parking

2   lot posed an unreasonably dangerous condition.

3          Defendant also argues that plaintiff has failed to produce evidence that defendant had

4   actual or constructive knowledge of the allegedly dangerous condition of the parking lot on the

5   date of plaintiff's injury.  *See* Dkt. 19, at 4.  As noted above, a plaintiff must generally show that

6   the defendant had actual or constructive notice of a specific unsafe condition.  *See Iwai*, 915 P.2d

7   at 1094.  The Court agrees that plaintiff has failed to come forward with evidence that defendant

8   had actual or constructive knowledge of the snowy and icy conditions of the Premises parking lot

9   at the time of plaintiff's injury.  However, that does not end the Court's analysis.

10          Under Washington law, there are two exceptions where a plaintiff need not establish that

11   the defendant had actual or constructive notice of an unsafe condition.  *See Iwai*, 915 P.2d at

12   1095–97.  Under the first exception, a plaintiff need not show that the defendant had actual or

13   constructive notice "if a specific [unsafe] condition is foreseeably inherent in the nature of the

14   business or mode of operation."  *Id.* at 1095 (internal quotation omitted).  This exception is

15   applied in the context of customer injuries in self-service establishments within areas where

16   customers serve themselves or where customers otherwise perform duties that the proprietor's

17   employees customarily perform.  *See Pimentel v. Roundup Co.*, 666 P.2d 888, 893 (Wash. 1983)

18   (stating that the exception applies only to self-service operations under certain circumstances);

19   *Charlton*, 246 P.3d at 203 (defining "self-service area").  Here, plaintiff has not alleged, nor has

20   he come forward with any evidence, that the Premises parking lot was a self-service area where

21   customers perform duties that defendant's employees customarily perform.  Therefore, the first

22   exception does not apply.

23

24

Under the second exception, a plaintiff need not show that the defendant had actual or constructive notice of an unsafe condition "[i]f the landowner caused the hazardous condition." *Iwai*, 915 P.2d at 1097 (citing *Carlyle v. Safeway Stores, Inc.*, 896 P.2d 750, 752 (Wash. 1995)). Under this exception, a defendant landowner may be held liable for the acts of its contractors that create unsafe conditions on defendant's premises. *See Sudre v. The Port of Seattle*, No. C15-0928JLR, 2016 WL 7035062, at *9 (W.D. Wash. Dec. 2, 2016) (citing *G.W. Blancher v. Bank of Cal.*, 286 P.2d 92, 94 (Wash. 1955); *Gildon v. Simon Prop. Grp., Inc.*, 145 P.3d 1196, 1203 (Wash. 2006) ("Liability is imposed on the possessor of land and one acting on behalf of the possessor.")).

Here, plaintiff alleges that "a grader had cleared the snow from the parking lot" but an "icy service surface was created and remained from the grading," and "[n]o sand or salt was on the ice." Dkt. 1, at 2. Plaintiff further alleges that defendant created the allegedly dangerous condition upon the Premises. *See id.* At his deposition, plaintiff testified that the parking lot had been plowed prior to his visit to the Premises, yet some snow and ice remained in the parking lot. *See* Dkt. 20-1, at 5–6. Defendant does not contest plaintiff's deposition testimony that the Premises parking lot had been previous plowed. Plaintiff has also provided evidence that snow and ice remained on the Premises parking lot at the time of plaintiff's injury. *See* Dkts. 29, Ex. D (video showing snow and ice on the Premises); 29-1 (photographs showing snow and ice on the Premises). Further, plaintiff argues that defendant had written contracts with two third-party companies to provide snow and ice removal services and pre-salting services for its stores, including the Premises. *See* Dkt. 21, at 2 (citing to defendant's third-party complaint in a separate litigation). Indeed, defendant appears to admit that it had a contract with a third-party company to remove and treat icy conditions on the Premises. *See* Dkt. 25, at 4.

On these facts, a jury could reasonably find that plaintiff was injured because of an unsafe condition caused by defendant or its contractor(s), thus, plaintiff need not prove defendant's actual or constructive knowledge of the allegedly dangerous condition. *See Iwai*, 915 P.2d at 1097; *Sudre*, 2016 WL 7035062, at *9. The credibility of the testimony or the weight of the evidence is not for the Court to decide on this motion for summary judgment and are considerations properly directed to the jury. *See Anderson*, 477 U.S. at 249–50.

Therefore, viewing the facts and evidence in the light most favorable to him, plaintiff has come forward with sufficient evidence to show that there are material issues of fact regarding whether the conditions of the Premises parking lot posed an unreasonably dangerous condition and whether defendant (or its contractor) caused the unsafe condition of the Premises at the time of plaintiff's injury. Therefore, the Court denies defendant's motion for summary judgement.

## CONCLUSION

For the reasons discussed herein, the Court **ORDERS** that defendant's motion for summary judgment (Dkt. 19) is **DENIED**.

The Clerk is directed to send a copy of this Order to plaintiff and counsel for defendant.

Dated this 26th day of January, 2021.

J. Richard Creatura
United States Magistrate Judge